IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JEFFREY SCOTT GRAVES, <br> TDCJ # 1643027, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| vs. | § <br> § | CIVIL ACTION NO. V-14-061 |
| WILLIAM STEPHENS, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, | § <br> § <br> § <br> § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Jeffrey Scott Graves (TDCJ # 1643027), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Graves has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.     BACKGROUND

Graves reports that he is currently serving a ten year sentence pursuant to a felony conviction. TDCJ records, however, indicate that he is serving a 35 year sentence for burglary of a habitation. *State v. Graves*, No. CR6239 (Llano County,

Tex. June 6, 2011). *See* TDCJ Offender Website, http://offender.tdcj.state.tx.us/. Regardless of his sentence length, Graves does not challenge any underlying criminal conviction here. Instead, he seeks relief from a prison disciplinary conviction that was entered against him at the Stevenson Unit near Cuero, Texas, where he was assigned.[1]

Graves reports that he was charged with fraud and deception in disciplinary case # 20140123391 [Doc. # 1, p. 5]. He states that he was found guilty of the charge based on a letter he had written in which he allegedly sought money. However, he asserts that he made no attempt use fraud or deceit to obtain funds. As a result of the disciplinary charge, Graves lost commissary and recreational privileges for 45 days and was placed on cell restriction for 45 days. In addition, Graves's good time earning classification was reduced. *Id.* He did not, however, forfeit any good time. *Id.* Graves filed Step-1 and Step-2 grievances to challenge the disciplinary findings and punishment. His grievances were unsuccessful.

Graves now seeks a federal writ of habeas corpus to overturn his disciplinary conviction in case # 20140123391. Grave complains that the letter in question did not

---

[1] Although Graves was convicted in Llano County which is located in the Western District of Texas, he is presently in custody in a TDCJ unit located in the Southern District of Texas. Thus, this Court retains jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

contain any fraudulent or deceptive statement and that he never requested money from the letter's recipient. He also complains that charge against him was not valid because the letter was written before the fraud could have been perpetrated. He further contends that he has been subjected to Double Jeopardy because the letter referred to letter previously written in which he also sought funds and that he had also been disciplined for the previous letter. Finally, Graves complains that the charging officer had not carried out a proper investigation of the case. He requests an order overturning the decision in the disciplinary proceeding and reinstating his time earning classification [Doc. # 1, p. 7, ¶ 21].

For reasons set forth below, the Court concludes that Graves fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context. The Court accordingly dismisses this action.

## II. **DISCUSSION**

Graves seeks habeas corpus relief in federal court from disciplinary proceedings lodged against him in state prison. The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an

extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). To prevail, a habeas petitioner must establish a constitutional violation. Graves does not satisfy that burden for reasons outlined below.

Graves complains he was wrongly found guilty of a disciplinary infraction and was punished without being afforded adequate due process. In the disciplinary hearing context, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Graves's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for

constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[2] *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good-time credits that they have earned. *See Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed for disciplinary violations, Texas prison officials cannot forfeit good-time credits from inmates who are eligible for mandatory supervision without first affording due process. *See id.*

---

[2] There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas. The first is by "parole" and the second is by release on "mandatory supervision." *See* TEX. GOV'T CODE § 508.001(5)-(6) (West 2011). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Graves v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). However, a parole panel may deny an inmate release on mandatory supervision if the panel determines that an inmate's accrued good conduct time is not an accurate reflection of his potential for rehabilitation or that his release would endanger the public. TEX. GOV'T CODE ANN. § 508.149(b) (West 2011).

Graves admits in his petition that he did not forfeit any good-time credit as a result of the disciplinary proceeding [Doc. # 1, p. 5, ¶ 18]. Moreover, the only relief he seeks is restoration of his time earning classification [Doc. # 1, p. 7, ¶ 21]. Absent a showing that the hearing's outcome adversely affected the term of his incarceration, Graves does not present any disciplinary sanction which can be remedied by this court. It may be argued that Graves's demotion in classification may adversely affect his ability to earn good-time, but this is "too speculative to constitute a deprivation of a protected liberty interest." *Hinojosa v. Thaler*, 427 F. App'x 354, 355 (5th Cir. 2011) (citing *Luken v. Scott,* 71 F.3d 192, 193–94 (5th Cir. 1995)). Similarly, any possible adverse effects the disciplinary action may have on Graves's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *see also Malchi*, 211 F.3d at 958; *Orellana*, 65 F.3d at 31-32 ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

Likewise, the other sanctions imposed against Graves (temporary loss of privileges) do not implicate the Due Process Clause. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d

765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* Because these sanctions do not implicate a protected liberty interest, Graves fails to demonstrate a violation of the Due Process Clause.

Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana*, 65 F.3d at 31; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petition must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability,

an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 3] is **GRANTED**.

2. The petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties and a copy to the Attorney General of the State of Texas, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

SIGNED at Houston, Texas, on October 28, 2014.

Nancy F. Atlas
United States District Judge